"O"

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL PETITIONER
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: Oct 20 2008

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

OCT 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MANUEL MELENDREZ,<br><br>                Petitioner,<br><br>        v.<br><br>JOSEPH WOODRING, Warden<br><br>                Respondent. | Case No. CV 08-01888 PA (AN)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Percy Anderson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

Before the Court is Respondent's Motion to Dismiss ("Motion") the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons reported below, the Magistrate Judge recommends that Respondent's Motion be granted and the Petition be dismissed without prejudice because it is unexhausted.

///

///

///

# I. BACKGROUND

## A.   Petitioner's Underlying Federal Conviction

Manuel Melendrez ("Petitioner"), a federal prisoner proceeding *pro se*, is currently in the custody of the Bureau of Prisons ("BOP") and confined at the Federal Correctional Institution in Terminal Island, California ("Terminal Island").   (Pet. 2; Mot. 1, Decl. of Corrinne M. Nastro ("Nastro Decl.") ¶ 4A.)  Petitioner's confinement arises from a 2002 judgment of conviction that he sustained following a jury trial in the United States District Court for the Eastern District of Louisiana where he was found guilty of conspiring to possess methamphetamine with the intent to distribute.  (Pet. 2; Mot. 2, Nastro Decl. ¶ 4B, Ex. A at 2.)  Petitioner was sentenced to 87 months in federal prison and has a projected release date of December 12, 2008.  (Nastro Decl. ¶ 4C, Ex. A at 2.)

## B.   Pending Proceedings

On March 20, 2008, Petitioner filed his pending Petition and attached Memorandum for the purpose of seeking early release from Terminal Island and placement into a Community Correction Center ("CCC").  (Pet. ¶ 9; Mem. 6.)  A CCC is commonly referred to as a "halfway house" and is now referred to as a Residential Reentry Center ("RRC").  *Rodriguez v. Smith*, 541 F.3d 1180, 1181 n.1 (9th Cir. 2008).  In his Petition, Petitioner states that, in accordance with the BOP's policy set forth in 28 C.F.R. § 570.21, the BOP will not consider his request for transfer to a RRC until he has completed ninety-percent of his sentence. (Mem. 6.)  Petitioner principally contends "§ 570.21 contravenes unambiguously expressed Congressional intent that the BOP must exercise its discretion in placing prisoners, and must consider the enumerated factors in [18 U.S.C.] § 3621(b)[,]" and that the BOP's "categorical rule governing all [RRC] placement exceeds the BOP's rulemaking authority." (*Id.*)  Petitioner further contends that he should not be required to exhaust his administrative remedies because it would be futile in light of the BOP's policy set forth in § 570.21. (*Id.*)

By way of his Motion, Respondent argues the Petition should be dismissed as

1   moot in light of the enactment of the Second Chance Act of 2007, which was signed

2   into law on April 9, 2008 ("Second Chance Act").  *See* Second Chance Act of 2007,

3   Pub. L. No. 110-199, 122 Stat. 657 (2008).  (Mot. 1.)  Alternatively, Respondent

4   contends dismissal of the Petition is warranted because Petitioner failed to exhaust his

5   administrative remedies and failed to raise a cognizable habeas claim.  (*Id.*)  Petitioner

6   has filed a Response that expresses his opposition to Respondent's position and

7   emphasizes the merits of his claims.  The matter now stands submitted.

8

9                                    **II. DISCUSSION**

10  **A.    Standard of Review**

11          This Court may entertain a petition for writ of habeas corpus challenging a federal

12  sentence on the ground that it is being executed "in violation of the Constitution or laws

13  or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner's related two claims

14  are properly brought pursuant to 28 U.S.C. § 2241 instead of 28 U.S.C. § 2255 because

15  it concerns the execution of his sentence rather than the fact of his conviction or

16  sentence. *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge

17  to the execution of a sentence is "maintainable only in a petition for habeas corpus filed

18  pursuant to 28 U.S.C. § 2241"); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th

19  Cir. 1998).  Moreover, this Court has jurisdiction to consider the Petition because

20  Petitioner is confined at Terminal Island. *Brown v. United States*, 610 F.2d 672, 677

21  (9th Cir. 1990).

22          This Court reviews the BOP's decision for consistency with the plain language

23  of the governing statute. *McLean v. Crabtree*, 173 F.3d 1176, 1181 (9th Cir. 1999)

24  (*citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43,

25  104 S. Ct. 2778 (1984)).  This Court must follow the expressed intent of Congress

26  where it is clear from the text of the statute. *Contract Mgmt., Inc. v. Rumsfeld*, 434 F.3d

27  1145, 1146-47 (9th Cir. 2006) (*citing Chevron*, 467 U.S. at 842-32.)  Where, however,

28  the statute is silent or ambiguous on the specific issue, the Court must determine

3

1    whether the BOP's interpretation is based on a permissible construction of the statute.

2    *Id.* at 1147. If so, the Court defers to the BOP's determination. *Id.* Further, properly

3    promulgated regulations are entitled to deference. *Jacks v. Crabtree*, 114 F.3d 983, 985

4    (9th Cir. 1997).

5    **B.     Exhaustion**

6            Petitioner does not dispute that he has not exhausted his administrative remedies

7    by presenting his § 570.21 invalidity claims to the BOP. Instead, he contends that

8    requiring him to exhaust his claims would be futile given the BOP's policy. (Mem. 6;

9    Resp. 5.) The Court disagrees.

10           The Ninth Circuit requires as a prudential matter that habeas petitioners exhaust

11   available judicial and administrative remedies before seeking relief under § 2241.

12   *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004); *Castro-Cortez v. INS*, 239 F.3d

13   1037, 1047 (9th Cir. 2001). However, "the exhaustion requirement [for federal

14   prisoners] is not jurisdictional." *Tucker*, 925 F.2d at 332; *Morrison Knudsen Co., Inc.*

15   *v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987). "Where exhaustion of

16   administrative remedies is not jurisdictional, the district court must determine whether

17   to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust

18   his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533,

19   535 (9th Cir. 1990). Futility is an exception to the exhaustion requirement. *Laing v.*

20   *Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("exceptions to the general rule

21   requiring exhaustion cover situations such as where administrative remedies are

22   inadequate or not efficacious, pursuit of administrative remedies would be a futile

23   gesture, irreparable injury will result, or th administrative proceedings would be void")

24   (*citing S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981)).

25           As noted above, after Petitioner filed his pending Petition, the President signed

26   into law the Second Chance Act on April 9, 2008, which amended § 3624(c). The

27   Second Chance Act requires that early release RRC placement determinations by the

28   BOP must be made on an individual basis in a manner consistent with the criteria set

1  forth in the amended § 3624 statute, as well as the criteria in § 3621(b).  18 U.S.C. §

2  3624(c)(6).  The Second Chance Act also required the BOP to issue new regulations that

3  are consistent with the amended statute by "no later than 90 days after the date of the

4  enactment of the [Act]."  *Id.*  Consequently, in response to the statutory mandate, on

5  April 14, 2008, the BOP issued a Memorandum For Chief Executive Officers regarding

6  "Pre-Release Residential Re-Entry Center Placements Following the Second Chance

7  Act of 2007."  (Nastro Decl. ¶ 10, Ex. D.)  The new BOP policy rescinded the BOP's

8  former regulations contained in §§ 570.20 and 570.21 and adopted the five-factor

9  criteria in § 3621(b) in determining an inmate's pre-release RRC placement eligibility.

10  (*Id.*)

11        Moreover, in *Rodriguez*, the Ninth Circuit found as a matter of first impression

12  that "the BOP's categorical exercise of discretion as promulgated in 28 C.F.R. §§

13  570.20 and 570.21 violates Congress's intention regarding the statutory inmate

14  placement and transfer considerations the BOP must undertake [under § 3621(b)]."

15  *Rodriguez*, 541 F.3d at 1181, 1188.  Based upon its conclusion, the *Rodriguez* panel

16  affirmed "the district court's order granting the writ of habeas corpus ordering the BOP

17  to promptly consider Rodriguez for transfer to an RRC without reference to 28 C.F.R.

18  §§ 570.20 and 570.21."  *Id.* at 1189.

19        In light of *Rodriguez* and the Second Chance Act which invalidated §§ 570.20

20  and 570.21, and reaffirmed Congress' express intent under § 3621(b), this Court finds

21  it would not be futile to require Petitioner to exhaust his administrative remedies as to

22  the claims raised in his Petition challenging the BOP regulations.  Accordingly, the

23  Court finds the Petition should be dismissed as unexhausted.[1]

24  ///

25  ///

26

27      [1] Respondent's alternative contentions for dismissal of the Petition based on

28  mootness and failure to raise a cognizable habeas claim are dispositive in light of the
Court's finding that the Petition is unexhausted.

## III. RECOMMENDATION

1
2       In accordance with the foregoing, IT IS RECOMMENDED that the Court issue
3   an Order:  (1) approving and adopting this Report and Recommendation; (2) granting
4   Respondent's Motion because the Petition is unexhausted; (3) directing the Clerk to
5   enter a Judgment dismissing this action without prejudice; and (4) denying any and all
6   other pending motions as moot.
7
8   Dated:   October 17, 2008                    _____
                                                        ARTHUR NAKAZATO
9                                               UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6